BRETT E. LEGG AND CINDY L. LEGG, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket No. 594–14.            Filed December 7, 2015.

During 2007 Ps, through a disregarded entity, donated a conservation easement to a Colorado trust. On their 2007 Federal income tax return Ps valued the donation at $1,418,500 and claimed a charitable contribution deduction. Ps claimed carryover charitable contribution deductions for tax years

344

2008, 2009, and 2010. R examined Ps' 2007, 2008, 2009, and 2010 returns and determined that Ps did not satisfy the legal requirements for a charitable contribution deduction or, alternatively, that the value of the donated property was zero. R also determined that Ps were liable for 20% accuracy-related penalties under I.R.C. sec. 6662(a) or, alternatively, 40% penalties for a gross valuation misstatement under I.R.C. sec. 6662(h). R's examination report was signed, in writing, by the examiner's immediate supervisor. R mailed Ps a notice of deficiency determining that Ps were liable for the 40% penalties. The parties subsequently stipulated and agreed that Ps satisfied the legal requirements for a charitable contribution deduction and that the value of the conservation easement was $80,000. Ps contend that R's determination of I.R.C. sec. 6662(h) 40% penalties was improper because R did not make an "initial determination" regarding the penalties pursuant to I.R.C. sec. 6751(b). R contends that I.R.C. sec. 6751(b) does not apply in deficiency proceedings or, alternatively, that R satisfied the procedural requirements of I.R.C. sec. 6751(b). *Held*: R's determination of I.R.C. sec. 6662(h) penalties was proper because R's examination report, determining as an alternative position that Ps were liable for the penalties, was an "initial determination" as required by I.R.C. sec. 6751(b).

*James R. Walker*, for petitioners.

*Miles B. Fuller*, *Debra K. Moe*, *Edwin A. Herrera*, and *Matthew A. Houtsma*, for respondent.

### OPINION

KERRIGAN, *Judge*: Respondent determined the following deficiencies and penalties with respect to petitioners' Federal income tax liabilities for tax years 2007, 2008, 2009, and 2010:

| Year | Deficiency | Penalty sec. 6662(h) |
|------|-----------|----------------------|
| 2007 | $61,625 | $24,650 |
| 2008 | 63,243 | 25,294 |
| 2009 | 39,947 | 15,979 |
| 2010 | 23,973 | 9,589 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

The parties reached a settlement on all issues in the notice of deficiency[1] except for the determined section 6662(h) 40% gross valuation misstatement penalties. The sole issue for consideration is whether respondent's determination of penalties under section 6662(h) was proper.

*Background*

This case was fully stipulated under Rule 122. The stipulated facts are incorporated in our findings by this reference. Petitioners resided in Colorado when they filed the petition.

During 2007 petitioners, through a disregarded entity, donated 80 acres of land as a conservation easement to the Colorado Natural Land Trust. On their timely filed 2007 Federal income tax return, petitioners valued the donation at $1,418,500 and claimed a charitable contribution deduction. Pursuant to section 170 petitioners were not entitled to deduct the entire value of the conservation easement for tax year 2007. Accordingly, petitioners claimed a charitable contribution deduction of $183,737. Petitioners also claimed carryover charitable contribution deductions for tax years 2008, 2009, and 2010 on the reported $1,418,500 conservation easement value.

Respondent selected petitioners' 2007, 2008, 2009, and 2010 tax returns for examination. On September 16, 2011, the examiner's supervisor, the Director of Western Area Examination, sent petitioners a letter that included a copy of the examiner's report. The report determined that petitioners did not satisfy the legal requirements for a charitable con-

---

[1] The parties stipulated and agreed to the following: (1) petitioners received Conservation Reserve Program (CRP) payments of $12,188, $2,188, $8,071, and $9,349 which they included in income on their 2007, 2008, 2009, and 2010 Federal income tax returns; (2) petitioners' CRP payments are not subject to self-employment tax; (3) petitioners are entitled to self-employed health insurance deductions of $12,357 and $13,983 for tax years 2007 and 2008, respectively; (4) petitioners are not entitled to self-employed health insurance deductions for tax years 2009 and 2010; (5) as a result of the donation of a conservation easement, petitioners are entitled to a sec. 170 charitable contribution deduction for tax year 2007, subject to any adjusted gross income limitations; and (6) to the extent petitioners are unable to deduct all of their charitable contributions for tax year 2007 because of sec. 170(b)(1)(E)(i), petitioners are entitled to a carryover contribution deduction as permitted under sec. 170(b)(1)(E)(ii).

tribution deduction or, alternatively, that even if petitioners had met the legal requirements, the actual value of the conservation easement donation was zero. As a result the examination concluded that there was an underpayment of tax for each of the tax years at issue due to a decrease of the charitable contribution deduction for the donated conservation easement.

Respondent's examiner determined that petitioners were liable for the 20% accuracy-related penalty under section 6662(a) or, alternatively, that petitioners were liable for the 40% accuracy-related penalty for a gross valuation misstatement under section 6662(h). The examination report concludes that petitioners are "subject to the Accuracy Related Penalty-Gross Valuation Misstatement pursuant to IRC Section 6662 for the tax year 2007". The examination report, however, calculated the proposed penalties using the 20% rate.

On October 25, 2011, petitioners filed a written protest and requested that the Internal Revenue Service (IRS) Appeals Office review the examiner's proposed changes. The IRS Appeals Office granted petitioners' request, but the parties did not reach an agreement. On October 24, 2013, the IRS Appeals Office issued its report agreeing with the examiner's appraisal valuation determination of zero for the donated conservation easement. Additionally the report agreed that accuracy-related penalties should be imposed on petitioners for the tax years at issue. The report explained that imposing 40% gross valuation misstatement penalties should be respondent's primary position because the value of the conservation easement reported on petitioners' tax returns exceeded more than 200% of the correct value (zero) and the case is unagreed. The report further explained that imposing 20% accuracy-related penalties should be respondent's alternative position.

On October 24, 2013, the Appeals officer's immediate supervisor—the Appeals Team Manager—approved the report. On October 24, 2013, respondent issued the notice of deficiency and determined 40% gross valuation misstatement penalties under section 6662(h).

After the issuance of the notice of deficiency, petitioner and respondent stipulated and agreed that the value of the conservation easement was $80,000 at the time of petitioners'

donation. The parties agreed that mathematically petitioners' reported value of $1,418,500 was a gross valuation misstatement per section 6662(h)(2)(A)(i). The parties also agreed that petitioners cannot invoke a reasonable cause defense against the gross valuation misstatement penalties under section 6662(h) but that petitioners have satisfied the reasonable cause defense requirements for substantial valuation misstatement penalties under section 6662(a) and (b)(3).

## *Discussion*

Section 6751(b)(1) requires that no penalty be assessed "unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination." Additions to tax under section 6651 (failure to file tax return or pay tax), 6654 (failure by individual to pay estimated income tax), 6655 (failure by corporation to pay estimated income tax) or "any other penalty automatically calculated through electronic means" are excepted from the requirement of section 6751(b)(1). *See* sec. 6751(b)(2).

Before the enactment of section 6751 in the IRS Restructuring and Reform Act of 1998, Pub. L. No. 105–206, sec. 3306(a), 112 Stat. at 744, the law did not require the IRS to show how penalties were computed. Prior law also allowed the imposition of some penalties without supervisory approval. S. Rept. No. 105–174, at 65 (1998), 1998–3 C.B. 537, 601. Congress enacted section 6751 because it believed "that taxpayers are entitled to an explanation of the penalties imposed upon them." *Id.* In addition to including the name, Code section, and computation of the penalty, section 6751 "also requires the specific approval of IRS management to assess all non-computer generated penalties unless excepted." *Id.* The Senate Finance Committee believed that "penalties should only be imposed where appropriate and not as a bargaining chip." *Id.*

A. *Timing Arguments*

The parties dispute the timing aspects of section 6751(b). Petitioners believe that section 6751(b) must apply to the first notice that the IRS sends the taxpayer. Thus, peti-

tioners argue that respondent's examiner was the only person qualified to make an "initial determination" of the appropriate penalties and the examiner determined a penalty of 20% pursuant to section 6662(a). Respondent contends that section 6751(b) applies only before the assessment of penalties, not before the determination of penalties in a notice of deficiency. We find it unnecessary to decide whether section 6751(b) applies only before the assessment of penalties or before the determination of penalties in a notice of deficiency since we conclude that respondent's examiner made an "initial determination" regarding the section 6662(h) 40% penalties.

B. *The "Initial Determination"*

The phrase "initial determination" is not defined anywhere in the regulations. Nor did Congress define "initial determination" in the Code. The dictionary defines "initial" as "having to do with, indicating, or occurring at the beginning". Webster's New World College Dictionary 735 (4th ed. 2010).

Petitioners argue that respondent's examiner did not make an "initial determination" of the section 6662(h) 40% penalties because the examination report calculated the penalty adjustments at 20%. They argue that this calculation suggests that respondent never considered imposing the 40% gross valuation misstatement penalties and that consequently the examiner's immediate supervisor could not have approved, in writing, such penalties.

Respondent argues that the examiner made an "initial determination" that the 40% penalties were appropriate, concluding in the examination report that petitioners were liable for such penalties. Respondent further avers that the mere fact that the examiner computed the proposed penalties at a rate of 20% does not nullify the fact that the report concluded that petitioners were liable for the 40% penalties. Because the report was approved, in writing, by the examiner's immediate supervisor, respondent argues that the section 6751(b) procedural requirements were met.

As a result of respondent's examination of petitioners' 2007, 2008, 2009, and 2010 tax returns, the examiner concluded that section 6662(a) and (b)(2) 20% penalties were applicable because it was determined that petitioners' under-

statement of tax for each year exceeded the greater of 10% of the tax required to be shown on petitioners' return or $5,000. The examiner's report also included a detailed discussion of the applicability of the section 6662(h) 40% penalties. The report explained that petitioners valued their conservation easement at $1,418,250 while the IRS appraised it at zero. Because the value of the property reported on petitioners' income tax return was 200% or more of the amount determined to be the correct value, the examiner determined that petitioners were liable for the 40% gross valuation misstatement penalties for the tax years 2007, 2008, 2009, and 2010. The examiner's immediate supervisor, the Director of Western Area Examination, signed the report in writing.

Respondent's examination report included the 40% gross valuation misstatement penalties analysis as an alternative position because of uncertainty as to whether such penalties could be imposed where an underpayment was the consequence of an adjustment not based on valuation. Specifically, respondent was uncertain whether he could impose gross valuation misstatement penalties on the theory that petitioners' donation of the conservation easement did not meet the charitable contribution deduction requirements of section 170, an adjustment not based on valuation. This uncertainty has since been resolved. In the notice of deficiency respondent contended that petitioners failed to meet the legal requirements for a conservation easement charitable contribution deduction. We find that even though the gross valuation misstatement penalties were posed as an alternative position, the report made an "initial determination" that petitioners were liable for the 40% penalties.

Our conclusion that respondent made an "initial determination" regarding the 40% penalties comports with congressional intent. Congress enacted section 6751(b) to ensure that taxpayers understood the penalties that the IRS imposed upon them. The examination report clearly explained why petitioners were liable for the gross valuation misstatement penalties. The report applied section 6662(h) and the relevant regulations to petitioners' specific facts, reaching the conclusion that petitioners were liable for the 40% penalties. Petitioners cannot contend that they lacked an understanding of the penalties imposed upon them because the penalties were posed as an alternative position.

Petitioners' argument that respondent's examiner did not make an "initial determination" of the section 6662(h) 40% penalties because the examination report calculated the penalty adjustments at 20% is unpersuasive. The fact that respondent's examiner calculated the penalties at a lower rate does not nullify the "initial determination" that petitioners were liable for the 40% gross valuation misstatement penalties. Respondent's examiner calculated the penalties at 20% to be consistent with the primary position in the report. Even as an alternative position, the examination report concluded that petitioners were liable for the 40% gross valuation misstatement penalties.

Therefore, because respondent made an "initial determination" regarding the section 6662(h) penalties which was approved, in writing, by the examiner's immediate supervisor, we find that respondent satisfied the procedural requirements of section 6751(b). We conclude that respondent's determination of section 6662(h) penalties was proper.

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

*Decision will be entered under Rule 155.*