T.C. Summary Opinion 2017-47

UNITED STATES TAX COURT

VICTOR EMMANUEL METZGER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7473-16S L.                    Filed July 10, 2017.

Victor Emmanuel Metzger, pro se.

<u>Nancy M. Gilmore</u> and <u>Elizabeth C. Mourges</u>, for respondent.

SUMMARY OPINION

LAUBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursu-

_____

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

ant to section 7463(b), the decision to be entered in this case is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In this collection due process (CDP) case petitioner seeks review pursuant to section 6330(d)(1) of the determination by the Internal Revenue Service (IRS or respondent) to uphold a notice of intent to levy. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

The following facts are based on the parties' pleadings and respondent's motion, including the attached declaration and exhibits. Petitioner resided in Maryland when he filed his petition.

Petitioner filed timely Federal income tax returns for 2008 and 2009. The IRS examined those returns and determined tax deficiencies, additions to tax under section 6651(a)(2), and accuracy-related penalties under section 6662(a). The IRS sent petitioner a notice of deficiency setting forth these determinations. When he did not petition this Court within 90 days of that notice, the IRS assessed these

liabilities along with applicable interest. As of April 2016 his aggregate liabilities were about $26,000.

In an effort to collect these unpaid liabilities the IRS in September 2015 sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing. Petitioner timely requested a CDP hearing, indicating that he did not think he was liable and checking the box marked "I Cannot Pay Balance."

A settlement officer (SO) from the IRS Appeals Office scheduled a telephone CDP hearing for February 9, 2016. The SO informed petitioner that, in order for her to consider a collection alternative, he had to provide her before the hearing: (1) a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; (2) copies of signed tax returns for 2010-2014, which petitioner had not yet filed; and (3) proof of estimated tax payments. The SO emphasized in her letter that she could not consider a collection alternative unless petitioner supplied the completed forms, financial information, and delinquent tax returns to her.

Petitioner provided none of the requested documents before the CDP hearing. Petitioner participated in the scheduled hearing, during which the SO reiterated that she could not consider a collection alternative without the financial information. Petitioner requested a face-to-face hearing, but the SO informed him that

he needed to submit the required documents in order to have a face-to-face hearing. The SO explained that she could not place his account in "currently not collectible" status because he had not provided any financial information.

During the hearing petitioner contended that the IRS had erred in granting his ex-wife "innocent spouse" relief for the tax years in question. The SO replied that she could not discuss his ex-wife's tax liability at his CDP hearing. Petitioner replied he would "submit an offer under the basis of * * * [doubt as to liability] and file * * * [his 2010-2014] returns as soon as possible." At the conclusion of the hearing the SO told petitioner that she would issue a notice of determination sustaining the levy and expressed her understanding that he would "submit an offer under the basis of DOL directly to the Service."

On February 25, 2016, the IRS issued petitioner a notice of determination sustaining the proposed levy. This notice stated as follows: "You disagree with your liability because your ex-spouse was granted Innocent Spouse Relief and you were not treated fairly. During the conference you indicated that you were going to submit an offer * * * . Please mail the Form 656-L, Offer in Compromise, Doubt as to Liability to Brookhaven Internal Revenue Service, COIC Unit, PO Box 9008, Holtsville NY 11742-9008."

Petitioner timely petitioned this Court for review of the notice of determination. In his petition he did not challenge his underlying liabilities for 2008-2009 and did not discuss any collection alternative. In September 2016 respondent filed a motion for summary judgment, to which the Court directed petitioner to respond. Our order informed petitioner that, if he disagreed with any facts stated in respondent's motion, he should point out those factual issues. We advised petitioner that failure to respond would be grounds for granting respondent's motion and entering judgment against him. Petitioner did not respond to this Court's order and has not otherwise responded to respondent's motion.

## Discussion

A.    Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b), the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Ibid. However, the nonmoving

party may not rest upon mere allegations or denials but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

Because petitioner did not respond to the motion for summary judgment, we could enter decision against him for that reason alone. See Rule 121(d). We will nevertheless consider the motion on its merits. We conclude that no material facts are in dispute and that this case is appropriate for summary adjudication.

B.      Standard of Review

Where the validity of the underlying tax liability is properly at issue, the Court will review the IRS' determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying liability is not properly at issue, the Court reviews the IRS' determination for abuse of discretion. Id. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

A taxpayer may contest at a CDP hearing the existence or amount of his underlying tax liability only if he did not receive a notice of deficiency for the tax year in question or otherwise have a prior opportunity to dispute it. See sec. 6330(c)(2)(B). Petitioner received a notice of deficiency for 2008 and 2009 but

did not seek review in this Court. Consistently with section 6330(c)(2)(B), he was therefore precluded from contesting his liabilities before the Appeals Office or before us. See Goza, 114 T.C. at 182-183. We will therefore review the IRS' determination for abuse of discretion only. See id. at 181-182.

C.    Analysis

In deciding whether the SO abused her discretion in sustaining the levy, we review the record to determine whether she: (1) properly verified that the requirements of applicable law or administrative procedure have been met; (2) considered any relevant issues petitioner raised; and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3).

The SO examined petitioner's administrative file and confirmed that the tax deficiencies in question had been properly assessed. An SO's responsibilities under section 6330(c)(1) also include verification that the IRS has complied with section 6751(b)(1), which provides: "No penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making the assessment." This provision does not apply to additions to tax under section 6651 or to any "penalty

automatically calculated through electronic means." Sec. 6751(b)(2)(A) and (B). But it does apply to accuracy-related penalties determined under section 6662(a). See Legg v. Commissioner, 145 T.C. 344, 351 (2015) (applying section 6751 to gross valuation misstatement penalty under section 6662(h)).

This Court has authority to review an SO's satisfaction of the verification requirement, regardless of whether the taxpayer raised that issue at the CDP hearing, "if the taxpayer has adequately raised the issue in his petition filed in this Court." Dinino v. Commissioner, T.C. Memo. 2009-284, 98 T.C.M. (CCH) 559, 564; see Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); Hoyle v. Commissioner, 131 T.C. 197, 200-203 (2008). Petitioner did not allege in his petition that the SO failed to satisfy the verification requirement. We directed him to respond to the IRS motion for summary judgment, but he filed no response. By order dated March 1, 2017, we invited the parties to file supplemental memoranda addressing the verification issue; respondent timely filed a supplemental memorandum, but petitioner again filed nothing. Under these circumstances we conclude that petitioner has waived any challenge to the SO's satisfaction of the verification requirement. See Lloyd v. Commissioner, T.C. Memo. 2017-60, at *7 n.3; Triola v. Commissioner, T.C. Memo. 2014-166, 108 T.C.M. (CCH) 185, 187.

At his CDP hearing petitioner was entitled to make offers of collection alternatives, such as an offer-in-compromise (OIC) or an installment agreement. See sec. 6330(c)(2) and (3). This right, however, carries with it certain obligations on the taxpayer's part. As provided in the regulations, "[t]axpayers will be expected to provide all relevant information requested by * * * [the Appeals officer], including financial statements, for * * * [her] consideration of the facts and issues involved in the hearing." Sec. 301.6330-1(e)(1), Proced. & Admin. Regs.

On his CDP hearing request petitioner checked the box marked "I Cannot Pay Balance." Before the CDP hearing the SO asked petitioner to submit (among other things) a completed Form 433-A and signed tax returns for 2010-2014. She gave him ample time to submit these documents. Cf. Szekely v. Commissioner, T.C. Memo. 2013-227, 106 T.C.M. (CCH) 375, 377. She requested that he submit a completed Form 433-A by January 26 and proof of signed tax returns by February 2. Petitioner did not supply any information by those dates or before the hearing on February 9, 2016. He thus neglected to submit the documentation required for consideration of a collection alternative.

At the hearing petitioner indicated that he intended to file his delinquent 2010-2014 returns at a later date and then submit an OIC directly to the IRS unit

that processes such offers. The SO accordingly closed the case and issued the notice of determination sustaining the levy. That notice informed petitioner of the address to which he should submit his OIC.

We have consistently held that it is not an abuse of discretion for an Appeals officer to reject collection alternatives and sustain a proposed collection action where the taxpayer has failed to put a specific offer on the table and has failed, after being given sufficient opportunities, to supply the SO with the required forms and supporting financial information. See Huntress v. Commissioner, T.C. Memo. 2009-161; Prater v. Commissioner, T.C. Memo. 2007-241; Roman v. Commissioner, T.C. Memo. 2004-20. We have likewise held that it is not an abuse of discretion for an Appeals officer to reject a collection alternative where the taxpayer is not in compliance with his current tax obligations, as petitioner was not for his 2010-2014 tax years. See Hull v. Commissioner, T.C. Memo. 2015-86, 109 T.C.M. (CCH) 1438, 1441; Internal Revenue Manual pt. 5.14.1.4.2 (18) (Sept. 19, 2014).

Petitioner appears to contend that the SO abused her discretion in not affording him a face-to-face hearing. The regulations provide that a "CDP hearing may, but is not required to, consist of a face to face meeting." Sec. 301.6320-1(d)(2), Q&A-D6, Proced. & Admin. Regs. We have repeatedly held that section

6330 does not require a face-to-face CDP hearing. Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); Williamson v. Commissioner, T.C. Memo. 2009-188. We have also held that an SO's denial of a face-to-face hearing does not constitute an abuse of discretion where a taxpayer declines to provide the necessary financial information. See Zastrow v. Commissioner, T.C. Memo. 2010-215; Moline v. Commissioner, T.C. Memo. 2009-110, aff'd, 363 F. App'x 675 (10th Cir. 2010).

Finding no abuse of discretion in this or in any other respect, we will grant summary judgment for respondent and sustain the collection action for 2008-2009. We note that petitioner is free to submit to the IRS at any time, for its consideration and possible acceptance, an OIC on Form 656 (or other collection alternative) supported by the necessary financial information.

To reflect the foregoing,

An appropriate order and decision will be entered.