T.C. Memo. 2014-166

UNITED STATES TAX COURT

ROBERT TRIOLA AND NANCY V. TRIOLA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9313-13L.　　　　　　　　Filed August 14, 2014.

<u>Robert Miles Stahl</u>, for petitioners.

<u>Elizabeth C. Mourges</u> and <u>Nancy M. Gilmore</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioners

seek review pursuant to sections 6320(c)[1] and 6330(d)(1) of the determination by

---

[1]All statutory references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure.  We round all monetary amounts to the nearest dollar.

[*2] the Internal Revenue Service (IRS or respondent) to uphold a notice of Federal tax lien filing and a notice of intent to levy. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection actions was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

The following facts are based on the parties' pleadings and respondent's motions, including the attached affidavits and exhibits. See Rule 121(b). Petitioners resided in Maryland when they filed their petition.

Petitioners filed their Federal income tax returns for 2008 and 2009 late and failed to pay the full amounts of tax shown as due on those returns. The IRS assessed the tax shown as due and commenced an examination of both returns. For 2008 the IRS made adjustments to petitioners' tax on account of mathematical or clerical errors on the return. See sec. 6213(b)(1). Petitioners' return failed to supply a Social Security number (SSN) for a claimed dependent and supplied an incorrect SSN for petitioner-wife. On account of those errors, the IRS made adjustments to the recovery rebate credit, dependency exemption deduction, child tax credit, additional child tax credit, and earned income tax credit claimed on the 2008 return. Respondent mailed petitioners a Letter 474C, advising them of these

[*3] adjustments on account of the missing and incorrect SSNs. This letter advised petitioners that they had 60 days to request abatement of the additional tax specified therein. IRS records show that petitioners failed to respond to the Letter 474C.

For 2009 the IRS sent petitioners a notice of deficiency determining a deficiency of $36,958, a section 6662(a) penalty of $7,392, and a section 6651(a)(1) addition to tax of $9,240. Petitioners did not file a petition in the Tax Court challenging the 2009 notice of deficiency.

The IRS assessed the additional tax for 2008 flowing from the mathematical or clerical adjustments and, after petitioners failed to petition from the 2009 notice, the IRS assessed the deficiency, penalty, and addition to tax determined for 2009. In an effort to collect these assessed amounts, the IRS sent petitioners, in October 2012, a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for tax year 2009 and a Notice of Federal Tax Lien Filing and Your Right to a Hearing for tax years 2008 and 2009. Petitioners timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, which challenged both notices. In their request, petitioners did not seek a collection alternative. Rather, they argued that they owed no tax for 2008 and that their additional liability for 2009 was less than $3,000.

**[*4]** On January 31, 2013, a settlement officer (SO) from the IRS Appeals Office sent petitioners a letter scheduling a telephone CDP hearing for March 12, 2013. The SO informed petitioners that they could not challenge their underlying tax liability for 2009 because they had had an earlier opportunity to do so but had failed to take advantage of it by filing a Tax Court petition. The SO informed petitioners that they were entitled to challenge their additional liability for 2008 but that they needed to provide her, before the hearing, with valid SSNs for the claimed dependent and for petitioner-wife. The SO informed petitioners that, if they wished her to consider a collection alternative, they would need to provide her with a copy of a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting financial information.

Neither petitioners nor their counsel provided the requested documentation before the scheduled CDP hearing. Petitioners' counsel did call in for the hearing, but only to ask that it be rescheduled. He indicated that he had not read in its entirety the letter scheduling the hearing and was thus unaware of the requirement that the requested information be supplied at or before the hearing. The SO declined to reschedule the hearing, noting that petitioners had already been allowed 14 more days than is generally permitted to supply the requested information. On

**[*5]** March 26, 2013, the IRS issued petitioners a notice of determination sustaining the proposed collection actions, and they timely sought review in this Court.

Petitioners initially requested that this case be conducted under the Court's small tax case (S) procedures. On July 11, 2013, respondent filed a motion to remove the S designation because the total unpaid tax, penalty, and addition to tax for 2008 and 2009 exceed $50,000. See sec. 7463(f)(2). The Court ordered petitioners to respond to this motion before August 1, 2013. Petitioners failed to respond, and the Court removed the S designation.

On February 27, 2014, respondent filed a motion for summary judgment. The Court ordered petitioners to file a response by April 9, 2014. Petitioners have responded neither to respondent's motion nor to the Court's order.

Discussion

A.    Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520

**[*6]** (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Ibid. However, the nonmoving party "may not rest upon the mere allegations or denials" but instead "must set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

Because petitioners failed to respond to respondent's motion for summary judgment, the Court could enter a decision against them for that reason alone. See Rule 121(d). We will nevertheless consider the motion on its merits. We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

B.    Standard of Review

Neither section 6320(c) nor 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our precedents. Where the validity of the underlying tax liability is at issue, the Court reviews the Commissioner's determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability is not properly at issue, the Court reviews the IRS decision for abuse of discretion. Id. at 182.

**[*7]** Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law.  See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

Section 6330(c)(2)(B) permits challenges to the existence or amount of the underlying tax liability in a CDP proceeding only when the taxpayer did not receive a notice of deficiency or otherwise have a prior opportunity to contest that liability.  Petitioners received a notice of deficiency for 2009 but failed to petition the Court.  They are thus precluded from challenging the underlying tax liability for 2009, and we will accordingly review the SO's action with respect to that year for abuse of discretion only.

For 2008 the IRS made a summary assessment under section 6213(b)(1) on account of mathematical or clerical errors.  The SO concluded, and respondent agrees, that petitioners did not have a prior opportunity to challenge this assessment and hence that they were entitled to raise the underlying liability for 2008 at their CDP hearing.  See Internal Revenue Manual pt. 21.5.4.1(7) (Oct. 1, 2008).[2]

---

[2]In Perkins v. Commissioner, 129 T.C. 58 (2007), the Court held that a taxpayer in a CDP case was entitled to challenge the underlying tax liability attributable to a summary assessment made by the IRS under section 6213(b)(1) on account of a math error.  See id. at 65 n.8 ("Respondent does not contend that petitioner's right to invoke deficiency procedures with respect to the asserted liability pursuant to sec. 6213(b)(2)(A) [concerning requests for abatement of

(continued...)

[*8] An issue is not properly raised at a CDP hearing, however, if the taxpayer fails to present any evidence to the IRS Appeals Office concerning that issue after being given a reasonable opportunity to do so. See sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. A taxpayer may not dispute his underlying tax liability in this Court if he did not properly raise that issue at the CDP hearing. See Thompson v. Commissioner, 140 T.C. 173, 178 (2013).

Although the SO gave petitioners an opportunity to challenge their underlying tax liability for 2008 at the CDP hearing, petitioners failed to mount a proper challenge because they submitted no evidence. The only information the SO requested consisted of valid SSNs for petitioner-wife and for the individual claimed as a dependent on petitioners' 2008 return. This information, if it exists, is not time consuming to supply. The SO gave petitioners more than a month to furnish these SSNs, and they have not explained why they were unable to provide the SSNs within that period. Indeed, when respondent filed his motion for summary judgment--more than 11 months after the CDP hearing--the IRS had yet to receive valid SSNs from petitioners. Given these facts, we conclude that petitioners did not properly raise their underlying tax liability for 2008 at the CDP hearing and,

---

²(...continued)
mathematical or clerical errors] constituted 'an opportunity to dispute' the liability within the meaning of sec. 6330(c)(2)(B).").

[*9] hence, that they are barred from disputing that liability in this Court. We will therefore review the SO's determination for 2008, as well as for 2009, for abuse of discretion only. See Goza, 114 T.C. at 182.

C.    Analysis

The remaining question is whether the SO abused her discretion in sustaining the proposed collection actions. We review the record to determine whether: (1) the SO properly verified that the requirements of any applicable law or administrative procedure have been met; (2) any issues raised by the taxpayer have merit; and (3) "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).

As to the first point, this Court has authority to review an SO's satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing. See Hoyle v. Commissioner, 131 T.C. 197, 200-203 (2008). However, petitioners did not allege in their petition to this Court that the 2008 summary assessment failed the requirements of section 6213(b) or was otherwise improper. That issue is therefore deemed conceded. See Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); Busche v. Commissioner, T.C. Memo. 2011-285, 102 T.C.M. (CCH) 567, 572

**[\*10]** (2011); Coleman v. Commissioner, T.C. Memo. 2010-51, aff'd, 420 Fed. Appx. 663 (8th Cir. 2011).

In any event, even if petitioners had properly preserved this issue, they have set forth no specific facts showing that there is a genuine issue for trial concerning the propriety of the 2008 summary assessment. Where an assessment arises from a mathematical or clerical error on the return, a notice of deficiency is not required. See sec. 6213(b). Instead, the IRS typically sends the taxpayer a Letter 474C. This letter notifies the taxpayer that, on account of the mathematical or clerical error, an amount of tax in excess of that shown on the return is due and that an assessment of tax has been or will be made on the basis of what would have been the correct amount of tax but for the mathematical or clerical error. Sec. 6213(b)(1). Within 60 days of this notice, the taxpayer may request abatement of the assessment due to the mathematical or clerical error. Sec. 6213(b)(2)(A). Upon receipt of such a request, the Commissioner must abate the assessment and, if he subsequently reassesses the tax, review is available in this Court. Ibid.

In the instant case, the "mathematical or clerical error" consisted of petitioners' failure to provide a correct SSN for petitioner-wife and a valid SSN for the dependent they claimed on their 2008 return. See sec. 6213(g)(2)(D) (defining "mathematical or clerical error" to include "an omission of information which is

[*11] required to be supplied on the return to substantiate an entry on the return"),
(F) (earned income credit), (I) (child tax credit). After discerning these errors, the
IRS sent petitioners a Letter 474C, advising them that their 2008 tax liability
would be adjusted in several respects because they had failed to supply these
SSNs. Petitioners did not request an abatement of this summary assessment, and it
was therefore valid under section 6213(b). Petitioners have set forth no specific
facts showing that there is a genuine issue for trial on this point.

Our review of the record establishes that the SO verified that all other re-
quirements of applicable law and administrative procedure had been satisfied, both
as to 2008 and as to 2009. We also find that, in sustaining the proposed collection
actions, the SO properly balanced "the need for the efficient collection of taxes
with the legitimate concern of * * * [petitioners] that any collection action be no
more intrusive than necessary." Sec. 6330(c)(3). Petitioners did not request a
collection alternative, and they did not submit the financial information required
for consideration of a collection alternative.

Finally, none of the other issues raised by petitioners has merit. As ex-
plained above, petitioners may not challenge in this Court their underlying tax
liabilities for 2008 and 2009. Petitioners assert in their petition that they paid their
outstanding balance for 2008 and made a partial payment against their 2009 tax

[*12] liability, leaving less than $3,000 owed. However, the IRS transcript of their 2008 account shows a balance due, as of December 6, 2013, of $2,821 (including additional interest and penalty), and the IRS transcript of their 2009 account shows a balance due, as of December 6, 2013, of $53,487 (including additional interest and penalty). If petitioners wanted to contend that these account balances are incorrect, they were obligated to come forward with some facts showing that they paid the liabilities in question. When confronted with a motion for summary judgment, the nonmoving party "may not rest upon the mere allegations or denials" but instead "must set forth specific facts showing there is a genuine dispute." Rule 121(d); see Sundstrand Corp., 98 T.C. at 520. Because petitioners failed to respond to the IRS motion for summary judgment as ordered by this Court, they have failed to show that there are any material facts in dispute that would prevent the Court from granting summary judgment in respondent's favor.

**[\*13]** Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and affirm the proposed collection action.  To reflect the foregoing,

An appropriate order and decision
will be entered.