T.C. Memo. 2015-245

UNITED STATES TAX COURT

GENE HAWKINS, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20408-14L.                    Filed December 21, 2015.

Gene Hawkins, pro se.

<u>Andrew K. Glover</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner
seeks review pursuant to section 6330(d)(1)[1] of the determination by the Internal
Revenue Service (IRS or respondent) to uphold a notice of intent to levy.  Respon-

---

[1]All statutory references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure.  We round all monetary amounts to the nearest dollar.

[*2] dent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

The following facts are based on the parties' pleadings and respondent's motion, including the attached affidavits and exhibits. Petitioner resided in Maryland when he filed his petition.

Petitioner filed delinquent Federal income tax returns for tax years 2003 through 2012 and did not pay the tax shown as due. The IRS subsequently made tax assessments against him. On March 24, 2014, in an effort to collect these unpaid liabilities, the IRS sent petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. On April 23, 2014, petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing. In his request petitioner stated that he could not pay the balances owed and sought a collection alternative in the form of an installment agreement or an offer-in-compromise. Petitioner did not indicate an intention to challenge his underlying tax liability for any of the tax years at issue.

[*3]   Immediately after receiving petitioner's case, a settlement officer (SO) from the IRS Appeals Office reviewed his administrative file and confirmed that the tax liabilities in question had been properly assessed and that all other requirements of applicable law and administrative procedure had been met.  On May 29, 2014, the SO sent petitioner a letter scheduling a telephone CDP hearing for July 9, 2014.  The SO informed petitioner that, in order for her to consider a collection alternative, he had to provide her, by June 19, 2014, a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and Form 656-B, Offer in Compromise, together with supporting financial information.  The SO emphasized in her letter that she could not consider a collection alternative unless petitioner supplied the completed forms and information to her.

Petitioner provided none of the requested documentation before the CDP hearing.  He participated in that hearing, during which the SO reiterated that she could not consider a collection alternative without those documents.  Petitioner acknowledged that he had not sent the SO any of the requested documents, and there is no evidence that he requested additional time to do so.  Petitioner noted that he previously had an installment agreement under which he was to pay the IRS $50 per month and asked why it had been terminated.  The SO explained that

**[*4]** this agreement had been terminated because significant new liabilities had been added to the balances owed on his accounts. Petitioner did not raise during the hearing any challenge to his underlying tax liabilities for 2003-2012.

Because petitioner failed to submit the required financial information, the SO determined that he was not eligible for a collection alternative. The SO accordingly closed the case and, on July 31, 2014, issued petitioner a Notice of Determination Concerning Collection Action sustaining the proposed levy for the ten tax years at issue.

On August 28, 2014, petitioner timely petitioned this Court for review of the notice of determination. In his petition he acknowledged that he had not submitted the required paperwork to the SO at the time of the CDP hearing but said that he had the paperwork ready and "wished to make a compromise on taxes."

On August 21, 2015, respondent filed a motion for summary judgment. On August 26, 2015, this Court ordered petitioner to respond. Our order informed him that, if he disagreed with any facts stated in the IRS motion, he should point out those factual issues. Our order also informed petitioner that failure to respond would be grounds for granting respondent's motion and entering judgment against him. Petitioner did not respond to this Court's order and has not otherwise responded to the IRS motion for summary judgment.

**[\*5]**                                   <u>Discussion</u>

A.     <u>Summary Judgment</u>

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988).  Under Rule 121(b), the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  <u>Id.</u>  However, the nonmoving party may not rest upon mere allegations or denials but instead must set forth specific facts showing that there is a genuine dispute for trial.  Rule 121(d); <u>see</u> <u>Sundstrand Corp.</u>, 98 T.C. at 520.

Because petitioner did not respond to the motion for summary judgment, we could enter decision against him for that reason alone.  <u>See</u> Rule 121(d).  We will nevertheless consider the motion on its merits.  We conclude that no material facts are in dispute and that this case is appropriate for summary adjudication.

**[\*6] B.    Standard of Review**

Where (as here) there is no challenge to the amount of a taxpayer's under-lying tax liabilities for the years at issue,[2] the Court reviews the IRS determination for abuse of discretion.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law.  See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

C.    Analysis

The only question is whether the IRS properly sustained a proposed levy to collect petitioner's unpaid tax liabilities.  We review the record to determine whether the SO:  (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues petitioner raised; and (3) considered whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern

---

[2]Petitioner did not challenge his underlying tax liabilities during the CDP hearing or in his petition to this Court.  He is thus precluded from challenging those liabilities here.  Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); see Thompson v. Commissioner, 140 T.C. 173, 178 (2013) ("A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing."); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

**[\*7]** of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).

As to the first point, this Court has authority to review an SO's satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing. See Hoyle v. Commissioner, 131 T.C. 197, 200-203 (2008). However, petitioner did not allege in his petition that the SO failed to satisfy the verification requirement. That issue is therefore deemed conceded. See Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); Triola v. Commissioner, T.C. Memo. 2014-166, at \*9-\*10; Dinino v. Commissioner, T.C. Memo. 2009-284. In any event, even if petitioner had properly preserved this issue, he has set forth no specific facts showing that there is a genuine issue for trial concerning the propriety of the assessments for 2003-2012.

At his CDP hearing petitioner was entitled to make offers of collection alternatives, such as an offer-in-compromise or an installment agreement. Sec. 6330(c)(2) and (3). This right, however, carries with it certain obligations on the taxpayer's part. As provided in the regulations, "[t]axpayers will be expected to provide all relevant information requested by \* \* \* [the Appeals officer], including

**[\*8]** financial statements, for \* \* \* [her] consideration of the facts and issues involved in the hearing." Sec. 301.6330-1(e)(1), Proced. & Admin. Regs.

On his Form 12153 petitioner indicated that he could not pay the balances due and expressed interest in an installment agreement or an offer-in-compromise. Before the CDP hearing the SO asked petitioner to submit a completed Form 433-A and Form 656 to enable her to consider collection alternatives. Petitioner neglected to put any offer on the table and failed to submit the documentation required for consideration of an offer.

The SO provided petitioner ample time to submit the required documentation. Cf. Szekely v. Commissioner, T.C. Memo. 2013-227, at \*9-\*12. In her response to petitioner's request for a CDP hearing the SO asked petitioner to provide these documents by June 19, 2014, three weeks after petitioner submitted his request. Petitioner failed to supply any documentation by that date or during the ensuing three weeks before the hearing on July 9, 2014. The SO waited another three weeks before closing the case on July 31, 2014. Petitioner could have asked the SO to afford him additional time to submit the documents, but he made no such request and offered no excuse for his failure to timely provide the information.

**[*9]** We have consistently held that it is not an abuse of discretion for an Appeals officer to reject collection alternatives and sustain the proposed collection action where the taxpayer has failed to put a specific offer on the table and has failed, after being given sufficient opportunities, to supply the SO with the required forms and supporting financial information. See Huntress v. Commissioner, T.C. Memo. 2009-161; Prater v. Commissioner, T.C. Memo. 2007-241; Roman v. Commissioner, T.C. Memo. 2004-20. We will accordingly grant summary judgment for respondent and affirm the proposed collection action as to all tax years. Petitioner is advised that he is free to submit to the IRS an offer-in-compromise on Form 656, supported by the necessary financial information, for consideration by the IRS at any time.

To reflect the foregoing,

An appropriate order and decision will be entered.