T.C. Memo. 2017-47

UNITED STATES TAX COURT

RAFAEL MARTINEZ, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23036-15L.                    Filed March 21, 2017.

Rafael Martinez, pro se.

Laura J. Mullin, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  In this collection due process (CDP) case, petitioner

seeks review pursuant to sections 6320(c) and 6330(d)(1) of the determination by

the Internal Revenue Service (IRS or respondent) to uphold the filing of a notice

[*2] of Federal tax lien (NFTL).[1]  Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law.  We agree and accordingly will grant the motion.

Background

The following facts are based on the parties' pleadings and respondent's motion, including the attached affidavits and exhibits.  Petitioner resided in California when he filed his petition.

Petitioner did not file a Federal income tax return for 2000, 2003, 2004, 2005, or 2006.  On the basis of third-party information reports, the IRS prepared for each year a substitute for return that met the requirements of section 6020(b).  Petitioner filed delinquent Federal income tax returns for 2002 and 2007-2013 but did not pay the tax shown as due.  The IRS subsequently assessed the tax for all 13 years plus applicable additions to tax under sections 6651(a)(1) and (2) and 6654(a).

On March 24, 2015, in an effort to collect these unpaid liabilities, the IRS sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing.

_____

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] On April 28, 2015, respondent received from petitioner a Form 12153, Request for a Collection Due Process or Equivalent Hearing. In his request petitioner stated: "My income is very low, and I don't have enough personal belongings or money to afford" to pay the assessed liabilities. He sought a collection alternative in the form of an offer-in-compromise (OIC). He did not indicate an intention to challenge his underlying tax liability for any of the years in question.

Immediately after receiving petitioner's case, a settlement officer (SO) from the IRS Appeals Office reviewed his administrative file and confirmed that the tax liabilities in question had been properly assessed and that all other requirements of applicable law and administrative procedure had been met.[2] On July 15, 2015, the SO sent petitioner a letter scheduling a telephone CDP hearing for August 5, 2015. The SO informed petitioner that, in order for her to consider a collection alternative, he had to provide her before the hearing: (1) a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals;

---

[2]Section 6751(b)(1) provides that "[n]o penalty under this title shall be assessed unless the initial determination of such assessment" receives supervisory approval. This provision does not apply to "any addition to tax under section 6651, 6654, or 6655." Sec. 6751(b)(2)(A). Accordingly, the SO was not required to verify that the additions to tax assessed against petitioner under sections 6651(a) and 6654(a) had been approved by a supervisor.

**[*4]** (2) a completed Form 656, Offer in Compromise; (3) a signed tax return for the 2014 tax year; and (4) proof of estimated tax payments. The SO emphasized in her letter that she could not consider a collection alternative unless petitioner supplied the completed forms and information to her.

Petitioner provided none of the requested documentation before the CDP hearing. The SO consulted transcripts of his account, which showed that he had not filed a return for the 2014 tax year. Petitioner participated in the CDP hearing as scheduled; the SO reiterated that she could not consider a collection alternative without the documentation she had requested. Petitioner did not raise during the hearing any challenge to his underlying tax liabilities for the years in question.

Because petitioner failed to submit the required financial information, the SO determined that he was not eligible for a collection alternative. The SO accordingly closed the case and, on August 10, 2015, issued a Notice of Determination Concerning Collection Action sustaining the NFTL filing.

On September 11, 2015, petitioner timely petitioned this Court for review. In his petition he stated: "I request installment agreement because I only receive Social Security. I can pay $100 per month. Or take out from the social security every month."

**[\*5]**  On September 15, 2016, respondent filed a motion for summary judgment, to which we directed petitioner to respond.  Our order informed him that, if he disagreed with any facts stated in the IRS motion, he should point out those factual issues.  We also informed petitioner that failure to respond to our order would be grounds for granting respondent's motion and entering judgment against him.  Petitioner did not respond to this Court's order and has not otherwise responded to the IRS motion for summary judgment.

Discussion

A.    Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Under Rule 121(b), the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  Ibid.  However, the nonmoving party may not rest upon the mere allegations or denials of his pleadings but instead

**[\*6]** must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

Because petitioner did not respond to the motion for summary judgment, we could enter decision against him for that reason alone. See Rule 121(d). We will nevertheless consider the motion on its merits. We conclude that no material facts are in dispute and that this case is appropriate for summary adjudication.

B.    Standard of Review

Neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. Where (as here) there is no challenge to the amounts of a taxpayer's underlying tax liabilities,[3] the Court reviews the IRS determination for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

---

[3]Petitioner did not challenge his underlying tax liabilities during the CDP hearing or in his petition to this Court. He is thus precluded from challenging those liabilities here. See Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); Thompson v. Commissioner, 140 T.C. 173, 178 (2013) ("A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing."); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

**[*7]** C.     Analysis

The only question is whether the IRS properly sustained an NFTL filing to collect petitioner's unpaid tax liabilities.  We review the record to determine whether the SO:  (1) properly verified that the requirements of applicable law or administrative procedure have been met; (2) considered any relevant issues petitioner raised; and (3) considered whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary."  See sec. 6330(c)(3).

As to the first point, this Court has authority to review an SO's satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing.  See Hoyle v. Commissioner, 131 T.C. 197, 200-203 (2008).  However, petitioner did not allege in his petition that the SO failed to satisfy the verification requirement.  That issue is therefore deemed conceded.  See Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); Triola v. Commissioner, T.C. Memo. 2014-166, 108 T.C.M. (CCH) 185, 187; Dinino v. Commissioner, T.C. Memo. 2009-284.  In any event, even if petitioner had properly preserved this issue, he has set forth no facts suggesting that any of the assessments was improper.

**[*8]**   At his CDP hearing petitioner was entitled to make offers of collection alternatives, such as an OIC or an installment agreement.  See sec. 6330(c)(2) and (3).  This right, however, carries with it certain obligations on the taxpayer's part.  As provided in the regulations, "[t]axpayers will be expected to provide all relevant information requested by * * * [the Appeals officer], including financial statements, for * * * [her] consideration of the facts and issues involved in the hearing."  Sec. 301.6330-1(e)(1), Proced. & Admin. Regs.

On his Form 12153 petitioner expressed interest in an OIC and stated:  "I am capable to pay to I.R.S. from $150 up $200 monthly."  Before the CDP hearing the SO asked him to submit (among other things) a completed Form 433-A and a completed Form 656 to enable her to consider collection alternatives.  Petitioner neglected to submit the documentation required for consideration of an offer.

The SO provided petitioner ample time to submit the required documentation.  Cf. Szekely v. Commissioner, T.C. Memo. 2013-227, 106 T.C.M. (CCH) 375, 377.  In her response to petitioner's request for a CDP hearing the SO asked petitioner to provide these documents by July 29, 2015.  Petitioner failed to supply any documentation by that date or during the ensuing week before the hearing on August 5, 2015.  The SO waited another five days before closing the case on August 10, 2015.  Petitioner could have asked the SO to afford him additional time to

**[*9]** submit the documents, but he made no such request and offered no excuse for neglecting to supply the information.

We have consistently held that it is not an abuse of discretion for an Appeals officer to reject collection alternatives and sustain the proposed collection action where the taxpayer has failed, after being given sufficient opportunities, to supply the SO with the required forms and supporting financial information. See Huntress v. Commissioner, T.C. Memo. 2009-161; Prater v. Commissioner, T.C. Memo. 2007-241; Roman v. Commissioner, T.C. Memo. 2004-20. We have likewise held that it is not an abuse of discretion for an Appeals officer to reject a collection alternative where the taxpayer is not in compliance with his current tax obligations, as petitioner was not for his 2014 tax year. See Hull v. Commissioner, T.C. Memo. 2015-86, 109 T.C.M. (CCH) 1438, 1441; Internal Revenue Manual pt. 5.14.1.4.2 (18) (Sept. 19, 2014). We will accordingly grant summary judgment for respondent and affirm the proposed collection action as to all tax years. We note that petitioner is free to submit to the IRS at any time, for its consideration and possible acceptance, an OIC on Form 656 supported by the necessary financial information.

[*10] To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.