# United States Tax Court

T.C. Memo. 2022-24

JONAH B. ADDIS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 12140-20L.                               Filed March 28, 2022.

————

Jonah B. Addis, pro se.

*Valerie Vlasenko* and *John W. Sheffield III*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

URDA, *Judge*:   In this collection due process (CDP) case petitioner, Jonah B. Addis, seeks review pursuant to section 6330(d)(1)[1] of a determination by the Internal Revenue Service (IRS) Independent Office of Appeals that upheld a notice of intent to levy relating to his 2014 tax year.  The CDP proceedings focused on the propriety of a $5,000 penalty that had been imposed against Mr. Addis for taking frivolous positions on his 2014 income tax return.  We conclude that the settlement officer who conducted Mr. Addis's CDP hearing did not abuse his discretion in deciding to sustain the proposed levy.

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*2]                    FINDINGS OF FACT

This case was tried on October 21, 2021, at the Court's remote trial session for cases associated with Atlanta, Georgia. We draw the following facts from the exhibits and testimony presented at trial. Mr. Addis lived in Georgia when he timely filed his petition.

I.    *Mr. Addis's 2014 Tax Reporting*

On March 17, 2017, Mr. Addis filed a delinquent tax return for his 2014 tax year, reporting zero dollars of income and a refund due of $2,777. In support of his return, he submitted Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for various employers (Navigant Consulting, Inc., Click Click Boom LLC, Treliant Risk Advisors, Clayton Support Services, and Francis David Corp.), on which he reported no income. Mr. Addis also submitted Form 8888, Allocation of Refund (Including Savings Bond Purchases), on which he claimed a larger refund amount ($8,159).

II.    *IRS Assessment of Penalty and Notice of Intent to Levy*

Despite Mr. Addis's representations, third-party reporting received by the IRS showed that Mr. Addis had received income of $42,795 in 2014.[2] The IRS thereafter sent Mr. Addis a letter stating that his 2014 return claimed one or more frivolous positions and that he would be assessed a $5,000 penalty under section 6702 if he did not immediately correct it. Mr. Addis did not do so, and the IRS assessed the penalty against him.

The IRS subsequently issued to Mr. Addis a Notice of Intent to Levy and Notice of Your Right to a Hearing regarding the section 6702 penalty. Mr. Addis requested a CDP hearing, asserting that he was "not responsible for paying or filing a U.S. tax return."

---

[2] The IRS sent Mr. Addis a notice of deficiency with respect to his unreported income, but Mr. Addis did not file a petition in this Court under section 6213 for redetermination of that deficiency. That deficiency amount is neither at issue in nor implicated by the instant case, which stems from the IRS's efforts to collect a $5,000 penalty determined pursuant to section 6702.

**[*3]** III.     *CDP Proceedings*

On August 5, 2019, the settlement officer sent Mr. Addis a notice scheduling his CDP hearing for August 27, 2019. The settlement officer emphasized that the issues Mr. Addis raised in his hearing request included positions that the IRS had identified as frivolous. The settlement officer also requested that Mr. Addis complete and submit Form 656, Offer in Compromise.

Mr. Addis responded by letter on August 16, 2019. Mr. Addis denied that his position was frivolous, arguing that (1) the federal tax laws did not apply to him, (2) he earned no taxable income, as he was not an officer, employee, or official of the United States, (3) U.S. taxes violated his religious beliefs, and (4) he is a "Moor Aboriginal Ohioan National who is domiciled in Georgia," not a U.S. citizen. He included with the letter a check for $25, which displayed the phrase "full satisfaction of claim for tax 2014" on the memo line.

The parties later agreed to proceed with the CDP hearing by written correspondence, rather than by telephone hearing. On February 10, 2020, the settlement officer sent a letter, requesting information necessary to process an offer-in-compromise. He also warned Mr. Addis that the positions taken up to that time qualified as frivolous under I.R.S. Notice 2010-33, 2010-17 I.R.B. 609.

Mr. Addis responded by again claiming that he was not "responsible for U.S. taxes" for a variety of reasons (some old, some new). Although he submitted, inter alia, Form 656, he offered zero dollars to compromise his liability on the ground that he owed no tax.

The IRS later issued to Mr. Addis a Notice of Determination sustaining the proposed levy. The settlement officer explained that he upheld the proposed levy action because of the incomplete Form 656 Mr. Addis submitted and his repeated reliance on frivolous positions.

OPINION

I.     *Standard of Review*

Mr. Addis brought this suit pursuant to section 6330. A taxpayer may dispute liability for a frivolous return penalty under section 6702 "at a CDP hearing and on review of the CDP determination in this Court, in the absence of any other opportunity to contest it." *Pohl v. Commissioner*, T.C. Memo. 2013-291, at *7–8; *Callahan v.*

**[\*4]** *Commissioner*, 130 T.C. 44, 49 (2008). In that instance, the section 6702 penalty is the underlying liability, *see Sun River Fin. Tr. v. Commissioner*, T.C. Memo. 2020-30, at \*9–10; *Callahan*, 130 T.C. at 49–50, and the taxpayer is entitled to de novo review of the penalty so long as "he has raised a meaningful challenge to the penalty at his CDP hearing," *Pohl*, T.C. Memo. 2013-291, at \*8. But if the taxpayer fails to make a meaningful challenge to the penalty, we review for abuse of discretion. *Pohl,* T.C. Memo. 2013-291, at \*9; *Burnett v. Commissioner*, T.C. Memo. 2018-204, at \*9–10.

Mr. Addis failed to raise a meaningful challenge. Section 6330(c)(4)(B) provides that an "issue may not be raised at the hearing if . . . the issue meets the requirement of clause (i) or (ii) of section 6702(b)(2)(A)." Those clauses bar a taxpayer from raising an issue that is based on a position that the Secretary has identified as frivolous. § 6702(b)(2)(A); *see also Burnett*, T.C. Memo. 2018-204, at \*9 ("[S]ection 6330(c) permits only 'relevant' issues to be raised. The term 'relevant' does not include frivolous or groundless issues."); *Pohl*, T.C. Memo. 2013-291, at \*8 ("If the taxpayer at his CDP hearing advances no rational argument about why the penalty does not apply but instead insists on maintaining frivolous arguments that his wages are not 'income,' he has not made a meaningful challenge to his liability for the penalty.").

In the CDP proceeding Mr. Addis relied exclusively upon arguments that the IRS has identified as frivolous in Notice 2010-33. *See Clark v. Commissioner*, T.C. Memo. 2012-182, 2012 WL 2532922, at \*3. We conclude that he did not raise a meaningful challenge, and thus our task is to determine whether the settlement officer committed an abuse of discretion. *See id*. at \*4; *Llanos v. Commissioner*, T.C. Memo. 2021-21, at \*6–7 (reviewing for abuse of discretion "[b]ecause [the taxpayer] did not make meaningful challenges to the [section 6702] penalties, his underlying liabilities were not raised properly, and therefore, his underlying liability is not at issue before us").

II. *Analysis*

To determine whether the settlement officer abused his discretion, we ask whether he (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues Mr. Addis raised, and (3) considered whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [Mr.

**[*5]** Addis] that any collection action be no more intrusive than necessary."[3]  § 6330(c)(3); *see, e.g.*, *Ludlam v. Commissioner*, T.C. Memo. 2019-21, at *9–10, *aff'd per curiam*, 810 F. App'x 845 (11th Cir. 2020).

### A.  *Verification*

We have authority to review a settlement officer's satisfaction of the verification requirement regardless of whether the taxpayer raised the issue at the CDP hearing. *Kidz Univ. v. Commissioner*, T.C. Memo. 2021-101, at *10 (citing *Hoyle v. Commissioner*, 131 T.C. 197, 200–03 (2008), *supplemented by* 136 T.C. 463 (2011)); *Triola v. Commissioner*, T.C. Memo. 2014-166, at *9.  We note that Mr. Addis did not assert in his petition that the settlement officer failed to satisfy this requirement and has set forth no specific facts in support of such a claim. *See* Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); *Rockafellor v. Commissioner*, T.C. Memo. 2019-160, at *12.  In any event, based on the record before us, we conclude that the settlement officer conducted a thorough review of the materials relevant to Mr. Addis's CDP request and verified that all applicable requirements were met.

### B.  *Issues Raised*

#### 1.  *Mr. Addis's Liability for 2014 Taxes*

During the CDP hearing[4] Mr. Addis raised an assortment of frivolous arguments (regarding his 2014 tax liability) as a means to contest the section 6702 penalty, which itself had been imposed for making precisely such arguments on his belated 2014 tax return. Despite being given multiple opportunities by the settlement officer to disclaim these positions, Mr. Addis did not do so.  As we have explained, these arguments are not relevant issues under section 6330(c)(3), and

---

[3] We note that the scope of our review of this CDP determination is not limited to the administrative record, consistent with our holding in *Robinette v. Commissioner*, 123 T.C. 85 (2004), *rev'd*, 439 F.3d 455 (8th Cir. 2006). *See Webb v. Commissioner*, T.C. Memo. 2021-105, at *2 n.3.

[4] Insofar as Mr. Addis contends that he did not have a proper CDP hearing because it was conducted by written correspondence, we reject that argument.  CDP hearings may consist of written communications between a settlement officer and the taxpayer. *See Roberts v. Commissioner*, T.C. Memo. 2019-117, at *9–10; *Ragsdale v. Commissioner*, T.C. Memo. 2019-33, at *23.  And Mr. Addis expressed to the settlement officer his preference for a hearing by correspondence.

**[\*6]** the settlement officer accordingly did not abuse his discretion in not considering them. *See Burnett*, T.C. Memo. 2018-204, at \*11; *Pohl*, T.C. Memo. 2013-291, at \*10–11; *Clark v. Commissioner*, 2012 WL 2532922, at \*4.

### 2. *Mr. Addis's 2013 Identity Theft*

At trial Mr. Addis asserted that he suffered an identity theft in 2013, which led to his 2014 tax issues. Although we have no reason to doubt that Mr. Addis was a victim of identity theft, that issue has no bearing here. As an initial matter, Mr. Addis failed to raise this issue during his CDP proceeding or in his petition, and it is therefore not properly before us. *See* Rule 331(b)(4); *Magana v. Commissioner*, 118 T.C. 488, 493 (2002) ("[G]enerally it would be anomalous and improper for us to conclude that [a settlement officer] abused [his] discretion . . . in failing to consider arguments, issues, or other matter not raised by taxpayers or not otherwise brought to the attention of [the settlement officer]."); *Pazden v. Commissioner*, T.C. Memo. 2021-108, at \*10 n.5.

Even if we could consider this issue, we fail to see any connection between the 2013 identity theft and the section 6702 penalty. To state the obvious, the identity theft Mr. Addis suffered in 2013 did not compel him to assert frivolous positions in a tax return he filed in 2017, which was the basis for the penalty.

### C. *Balancing*

Mr. Addis neither alleged in his petition nor argued at any later point that the settlement officer failed to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." *See* § 6330(c)(3)(C). He has thus conceded the issue. *See* Rule 331(b)(4); *see also Ansley v. Commissioner*, T.C. Memo. 2019-46, at \*19. In any case, there is no evidence in the record suggesting to us that the settlement officer abused his discretion in finding that the balancing requirement in section 6330(c)(3)(C) was met.

## III. *Penalty Under Section 6673(a)(1)*

At trial the Commissioner requested that we sanction Mr. Addis under section 6673 for instituting these proceedings primarily for the purpose of delaying his payment of taxes and for maintaining frivolous positions throughout this case. Section 6673(a)(1) gives us discretion to

**[\*7]** require a taxpayer to pay the Government a penalty of up to $25,000 when the taxpayer, inter alia, takes a frivolous or groundless position in proceedings before the Court.

Although Mr. Addis has consistently maintained frivolous positions throughout this case, we will not at this time impose a section 6673 penalty. We warn Mr. Addis that in the future we are not likely to be lenient in this regard if he chooses to again pursue frivolous arguments before this Court. *See Jaxtheimer v. Commissioner*, T.C. Memo. 2019-164, at \*20, *aff'd*, 854 F. App'x 263 (10th Cir. 2021).

IV.    *Conclusion*

We conclude that the settlement officer did not abuse his discretion in sustaining the section 6702 penalty against Mr. Addis for his 2014 tax year.

To reflect the foregoing,

*Decision will be entered for respondent.*