# United States Tax Court

T.C. Memo. 2023-102

KEVIN ANTHONY JENKINS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 29704-21.                    Filed August 10, 2023.

————

Kevin Anthony Jenkins, pro se.

*Ka (Matt) Tam*, for respondent.

## MEMORANDUM OPINION

LAUBER, *Judge*: With respect to petitioner's Federal income tax for 2018, the Internal Revenue Service (IRS or respondent) determined a deficiency of $13,645 and a penalty of $2,717 for a substantial understatement of income tax.[1] Petitioner does not dispute any of the adjustments set forth in the notice of deficiency, all of which are attributable to unreported income. Rather, he contends that no deficiency exists for 2018 because the IRS failed to credit his account with payments in excess of $38,000. Respondent has filed a Motion for Summary Judgment contending that the payments to which petitioner refers were all credited against his unpaid liabilities for 2016 and 2017 and that he made no other payments that could be applied to his 2018 account. Finding

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[*2] that there exists no genuine dispute of material fact on this point, we will grant the Motion.

## *Background*

The following facts are based on the parties' pleadings and the Declarations and Exhibits attached to respondent's Motion. *See* Rule 121(c). Petitioner resided in Washington, D.C., when his Petition was timely filed.

During 2018 petitioner received several streams of income, including wages from multiple employers, rental income, and retirement distributions. For 2018 he filed a Federal income tax return reporting a tax liability of $5,691. On that return he did not report any rental income or retirement distributions.

The IRS selected petitioner's 2018 return for examination. On the basis of Forms W–2, Wage and Tax Statement, the IRS determined that petitioner had received but failed to report $7,897 of wages from three employers. The IRS determined, on the basis of Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., that petitioner had received but failed to report $24,924 of taxable retirement distributions. And the IRS determined, on the basis of Form 1099–MISC, Miscellaneous Income, that petitioner had received but failed to report $16,832 of rental real estate income. On October 25, 2021, the IRS issued petitioner a timely notice of deficiency for 2018 determining the deficiency and accuracy-related penalty set forth above.

Petitioner timely petitioned this Court. He did not assign error to any item of unreported income determined in the notice of deficiency. Nor did he assign error to the determination that he was liable for an accuracy-related penalty. His sole argument was that the IRS failed to credit his 2018 account with roughly $38,830 of payments he had made during 2019 and 2020.[2]

On October 13, 2022, respondent filed a Motion for Summary Judgment explaining that the payments to which petitioner refers were

---

[2] Questions about the proper application of tax payments typically arise in collection due process cases, as opposed to deficiency cases such as this. However, the bulk of the payments to which petitioner refers were made in March 2019, before the due date for his 2018 return. He appears to contend that these payments eliminated any "deficiency" for 2018.

**[\*3]** properly applied to his accounts for tax years 2016 and 2017 and that he had made no other payments available for credit to his 2018 account. We directed petitioner to respond to the Motion by November 14, 2022, advising him that failure to respond could result in entry of a judgment against him. *See* Rule 121(d). Petitioner did not respond to the Motion by November 14 or subsequently.

*Discussion*

A. *Summary Judgment*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(a)(2); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520. However, the nonmoving party may not rest upon mere allegations or denials in his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); *see Sundstrand Corp.*, 98 T.C. at 520.

Because petitioner did not respond to the Motion for Summary Judgment, we could enter a decision against him for that reason alone. *See* Rule 121(d). We will nevertheless consider the Motion on its merits. We conclude that no material facts are in genuine dispute and that this case is appropriate for summary adjudication.

B. *Burden of Proof*

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving them erroneous. Rule 142(a); *see Welch v. Helvering*, 290 U.S. 111, 115 (1933). In certain circumstances section 7491 may shift to the Commissioner the burden of proof on certain factual issues. But that section applies only if the taxpayer (among other things) "introduces credible evidence" with respect to those issues. *See* § 7491(a)(1), (2)(B). Petitioner does not contend that he met these requirements.

**[\*4]** C.    *Unreported Income*

Section 61(a) provides that "gross income means all income from whatever source derived."  In cases involving unreported income, the Commissioner must establish an evidentiary foundation connecting the taxpayer to the income-producing activity or demonstrate that the taxpayer actually received income.  *Walquist v. Commissioner*, 152 T.C. 61, 67 (2019).  "Once the Commissioner makes the required threshold showing, the burden shifts to the taxpayer to prove by a preponderance of the evidence that the Commissioner's determinations are arbitrary or erroneous."  *Id.* at 67–68.  However, the IRS may not rely solely on a third-party report of income if the taxpayer raises a reasonable dispute concerning the accuracy of the report.  *See* § 6201(d).

The Commissioner plainly met his burden here.  Respondent has provided Forms W–2 and Forms 1099 demonstrating that petitioner actually received the unreported income.  Petitioner has not challenged the accuracy of the third-party reports concerning his 2018 income, and he does not dispute that he received the income shown on those reports.  Under Rule 34(b)(1)(G), "[a]ny issue not raised in the [petition's] assignments of error will be deemed conceded."  Because petitioner did not assign error to the IRS's determinations of unreported income as set forth in the notice of deficiency, we will sustain those adjustments in full.

D.    *Accuracy-Related Penalty*

The Code imposes a 20% penalty upon the portion of any underpayment of income tax that is attributable (among other things) to any "substantial understatement of income tax."  § 6662(a), (b)(2).  Section 6662(d)(2) generally defines the term "understatement" as the excess of the tax required to be shown on the return over the amount shown on the return as filed.  An understatement is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return.  *See* § 6662(d)(1)(A).  For 2018 petitioner reported on his return tax of $5,691, but his correct tax was $19,335, leaving an understatement of $13,644.  This understatement was "substantial."

In his Petition, petitioner did not dispute the determination that he was liable for an accuracy-related penalty of $2,717.  Under Rule 34(b)(1)(G), "[a]ny issue not raised in the [petition's] assignments of error will be deemed conceded."  Because petitioner did not assign error to

**[\*5]** the IRS's penalty determination as set forth in the notice of deficiency, we will sustain that determination.[3]

E.    *Tax Payments*

Petitioner's sole contention is that the IRS failed to credit his 2018 account with several payments he made during 2019 and 2020. The payments referenced in his Petition were $15,500, $9,957, and $6,003. He also contends that he made payments in excess of $7,300 pursuant to an installment agreement with the IRS and that these sums "were not properly applied to [his] account."

In support of his Motion respondent has supplied a sworn declaration of the IRS Appeals officer assigned to petitioner's case. The Declaration attaches copies of petitioner's account transcripts for 2016–2018. In the absence of conflicting evidence, IRS account transcripts are sufficient to establish certain facts. *See Sherman v. Commissioner*, T.C. Memo. 2023-63, at \*18 (finding account transcript sufficient to establish that no return was filed); *Triola v. Commissioner*, T.C. Memo. 2014-166, 108 T.C.M. (CCH) 185, 187 (finding account transcript sufficient to establish a balance due); *Lenihan v. Commissioner*, T.C. Memo. 2006-259, 92 T.C.M. (CCH) 463, 470 (finding account transcript sufficient to establish nonpayment of estimated tax).

The transcripts attached to the declaration show all payments made to petitioner's accounts for the relevant years. Those transcripts show that (1) a payment of $15,500 was applied to petitioner's 2016 account on March 23, 2019; (2) a payment of $6,003 was applied to petitioner's 2016 account on March 27, 2019; and (3) a payment of $9,957 was applied to petitioner's 2017 account on March 23, 2019. The transcripts also show that installment payments totaling $6,624 were posted to petitioner's 2016 account during 2018 and 2019 and that an installment payment of $1,040 was posted to his 2017 account in November 2018. Those amounts in the aggregate exceed the installment payments (totaling about $7,300) to which petitioner refers in his Petition.

Under Rule 121(d), a party opposing summary judgment may not rely on mere "allegations or denials" but "must respond, setting forth

---

[3] Petitioner does not dispute that the penalty for a substantial understatement of income tax was a "penalty automatically calculated through electronic means." *See* § 6751(b)(2)(B). Respondent therefore had no burden to show written supervisory approval of the initial determination of the penalty assessment. *See Walquist*, 152 T.C. at 70.

[*6] specific facts." *See Wilkinson v. Commissioner*, 71 T.C. 633, 639 (1979). Petitioner has set forth no specific facts contradicting the information appearing in the 2016 and 2017 account transcripts; indeed, he did not respond to the Motion for Summary Judgment at all. Petitioner bears the burden of proof. *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. at 115. Because he failed to introduce relevant evidence after being fully informed of respondent's position regarding the tax payments in question, we infer that such evidence does not exist or would not be helpful to his position. *See Blum v. Commissioner*, 59 T.C. 436, 440–41 (1972).

In sum, petitioner's account transcripts show that the payments referenced in his Petition were credited to his 2016 and 2017 accounts. He has supplied no reason to believe that those transcripts are inaccurate, and he does not contend that he made any payments toward his 2018 liability apart from the amounts discussed above. Finding no genuine dispute of material fact, we conclude that respondent is entitled to summary judgment.[4]

To reflect the foregoing,

*An appropriate order and decision will be entered for respondent.*

---

[4] Petitioner does not contend that the IRS lacked discretion to apply to his 2016 and 2017 tax years the payments discussed in the text, either because he had designated those payments toward his 2018 account or otherwise. *See Dixon v. Commissioner*, 141 T.C. 173 (2003); Rev. Rul. 73-305, 1973-2 C.B. 43.