T.C. Memo. 2017-85

UNITED STATES TAX COURT

CHARLES O. YAMBO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29926-15L.                     Filed May 23, 2017.

Charles O. Yambo, pro se.

<u>Jeffrey E. Gold</u>, <u>Han Huang</u>, and <u>Shari A. Salu</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to sections 6320(c) and 6330(d)(1) of the determination by

the Internal Revenue Service (IRS or respondent) to uphold the filing of a notice

[*2] of Federal tax lien (NFTL).[1]  Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law.  We agree and accordingly will grant the motion.

Background

The following facts are based on the parties' pleadings and respondent's motion, including the attached affidavit and exhibits.  Petitioner resided in Maryland when he filed his petition.

Petitioner and his spouse filed delinquent joint Federal income tax returns for 2009, 2011, and 2012 but did not pay the tax shown as due.[2]  The IRS subsequently assessed the tax for all three years plus applicable additions to tax under sections 6651(a)(1) and (2) and 6654(a).  Petitioner made several payments toward his tax liabilities.  However, after the IRS applied these payments and overpayment credits from other years, a balance due remained for each year in question.

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[2]The IRS issued separate notices of determination to petitioner and his wife. This case concerns only Mr. Yambo's tax liabilities.

[*3]   In an effort to collect these unpaid liabilities, the IRS sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing, and he timely requested a CDP hearing.  In his request he stated:  "I will need to refinance the house to pay the outstanding taxes."  He sought a collection alternative in the form of an installment agreement and requested subordination of the tax lien.  He did not indicate an intention to challenge his underlying tax liability for any year in question.

Upon receiving petitioner's case a settlement officer (SO) from the IRS Appeals Office reviewed his administrative file and confirmed that the tax liabilities in question had been properly assessed and that all other requirements of applicable law and administrative procedure had been met.[3]  On September 1, 2015, the SO sent petitioner a letter scheduling a telephone CDP hearing for October 6, 2015.  She reminded him that, in order for her to consider his request for an installment agreement, he needed to submit Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, Form 433-D, Install-

---

[3]Section 6751(b)(1) provides that "[n]o penalty under this title shall be assessed unless the initial determination of such assessment" receives supervisory approval.  This provision does not apply to "any addition to tax under section 6651, 6654, or 6655."  Sec. 6751(b)(2)(A).  Accordingly, the SO was not required to verify that the additions to tax assessed against petitioner under sections 6651(a) and 6654(a) had been approved by a supervisor.

**[\*4]** ment Agreement, and copies of signed tax returns for 2013 and 2014. (Petitioner had previously been advised of the need to supply financial information by the IRS letter confirming receipt of his hearing request.) The SO asked that petitioner supply the two forms within 14 days of her letter and the signed tax returns within 21 days of her letter.

Petitioner provided none of the requested documentation before the CDP hearing. On October 2, 2015, petitioner asked that the hearing be rescheduled, and the SO granted that request. On October 8, 2015, petitioner participated in the rescheduled CDP hearing; the SO noted that he had not submitted any of the required financial information and asked whether he had filed his delinquent 2013 and 2014 tax returns. He replied that he was trying to get funds together to pay his 2014 liability and, after paying that liability, would request an installment agreement. Petitioner asked that his case be left open for an additional 30 days, but the SO advised him that she would not able to do this. Petitioner did not raise during the hearing any challenge to his underlying tax liability for any year in question.

Because petitioner failed to submit the required financial information and did not supply copies of executed returns for 2013 and 2014, the SO determined that he was not eligible for a collection alternative. She accordingly closed the

**[\*5]** case and, on November 2, 2015, issued a Notice of Determination Concerning Collection Action sustaining the NFTL filing.

On December 1, 2015, petitioner timely petitioned this Court for review. In his petition he stated: "I misunderstood the advice of the Settlement Officer after informing her that I was going to pay my 2013 Tax and then establish another conference to establish my eligibility." He stated that he had taken out a home equity loan and paid the IRS "a total of $76,000 in taxes for the three years in question."

On January 13, 2017, respondent filed a motion for summary judgment, to which we directed petitioner to respond. Our order informed him that, if he disagreed with any facts stated in the IRS motion, he should point out those factual disputes. We also informed him that failure to respond to our order would be grounds for granting respondent's motion and entering a decision against him. He did not respond to this Court's order and has not otherwise responded to the IRS motion for summary judgment.

## Discussion

### A. Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b), the Court may grant summary judgment

**[*6]** when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  Ibid.  However, the nonmoving party may not rest upon the mere allegations or denials of his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial.  Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

Because petitioner did not respond to the motion for summary judgment, we could enter decision against him for that reason alone.  See Rule 121(d).  We will nevertheless consider the motion on its merits.  We conclude that no material facts are in dispute and that this case is appropriate for summary adjudication.

B.    Standard of Review

Neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case.  Where (as here) there is no challenge to the amounts of a taxpayer's underlying tax liabilities,[4] the Court reviews the IRS determination for

_____

[4]Petitioner did not challenge his underlying tax liabilities during the CDP hearing or in his petition to this Court.  He is thus precluded from challenging

(continued...)

**[\*7]** abuse of discretion. <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000). Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. <u>See</u> <u>Murphy v. Commissioner</u>, 125 T.C. 301, 320 (2005), <u>aff'd</u>, 469 F.3d 27 (1st Cir. 2006).

C.    <u>Analysis</u>

The only question is whether the IRS properly sustained the NFTL filing to facilitate collection of petitioner's unpaid 2009, 2011, and 2012 tax liabilities. We review the record to determine whether the SO: (1) properly verified that the requirements of applicable law or administrative procedure have been met; (2) considered any relevant issues petitioner raised; and (3) considered whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of \* \* \* [petitioner] that any collection action be no more intrusive than necessary." <u>See</u> sec. 6330(c)(3).

As to the first point, this Court has authority to review an SO's satisfaction of the verification requirement regardless of whether the taxpayer raised that issue

---

[4](...continued)
those liabilities here. <u>See</u> Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); <u>Thompson v. Commissioner</u>, 140 T.C. 173, 178 (2013) ("A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing."); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

[*8] at the CDP hearing.  See Hoyle v. Commissioner, 131 T.C. 197, 200-203 (2008).  However, petitioner did not allege in his petition that the SO failed to satisfy the verification requirement.  That issue is therefore deemed conceded.  See Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); Triola v. Commissioner, T.C. Memo. 2014-166, 108 T.C.M. (CCH) 185, 187; Dinino v. Commissioner, T.C. Memo. 2009-284.  In any event, even if petitioner had properly preserved this issue, he has set forth no facts suggesting that any of the assessments was improper.

At his CDP hearing petitioner was entitled to make offers of collection alternatives, such as an installment agreement or lien subordination.  See sec. 6330(c)(2) and (3); sec. 301.6320-1(e)(3), Q&A-E6, Proced. & Admin. Regs. This right, however, carries with it certain obligations on the taxpayer's part.  As provided in the regulations, "[t]axpayers will be expected to provide all relevant information requested by * * * [the Appeals officer], including financial statements, for * * * [her] consideration of the facts and issues involved in the hearing."  Sec. 301.6330-1(e)(1), Proced. & Admin. Regs.

In his CDP hearing request petitioner expressed interest in an installment agreement and lien subordination.  With respect to the former the IRS told him on three separate occasions that, if he desired consideration of a collection alterna-

**[\*9]** tive, he needed to supply completed forms, supporting financial information, and copies of signed tax returns for 2013 and 2014. He did not submit any of these documents and did not in fact propose an installment agreement.

With respect to lien subordination, petitioner stated in his CDP hearing request that he would "need to refinance the house to pay the outstanding taxes." Petitioner apparently had taken out one home equity loan already and had used the $76,000 proceeds from this loan to make payments toward his 2009, 2011, and 2012 tax liabilities. The SO confirmed that he had made these payments but determined that he still had a balance due for each year. Petitioner evidently sought to have the tax lien subordinated in order to facilitate his securing another home equity loan that would enable him to pay these outstanding balances.

Section 6325(d)(2) allows the IRS to subordinate a Federal tax lien if it concludes (among other things) that "the amount realizable by the United States * * * will ultimately be increased * * * and that the ultimate collection of the tax liability will be facilitated by such subordination." The Internal Revenue Manual (IRM) instructs settlement officers that "the Service must exercise good judgment in weighing the risks and deciding whether to subordinate the federal tax lien." IRM pt. 5.17.2.8.6 (Dec. 12, 2014); see Alessio Azzari, Inc. v. Commissioner, 136 T.C. 178, 185 (2011). A settlement officer has discretion to subordinate a lien, but

**[\*10]** only if she determines that "it is in the best interest of the government." IRM pt. 5.12.10.6 (Sept. 30, 2015).

Although petitioner indicated his desire to have the lien subordinated, he did not provide the SO with any financial or other information that would justify granting his request. Because lien subordination is a collection alternative, sec. 301.6320-1(e)(3) Q&A-E6, Proced. & Admin. Regs., petitioner was required to provide the SO relevant information for her to consider in determining whether lien subordination was warranted under the IRM guidelines. He did not do so.

The SO gave petitioner ample time to submit the required documentation. Cf. Szekely v. Commissioner, T.C. Memo. 2013-227, 106 T.C.M. (CCH) 375, 377. The SO initially asked him to provide the Form 433-A and Form 433-D within 14 days and the signed tax returns within 21 days. He did not supply any documents on or before October 8, the date of the rescheduled CDP hearing. The SO waited another 24 days before closing the case on November 2. Petitioner asked the SO to keep his case open for an additional 30 days, but he offered no excuse for neglecting to supply the information.

We have consistently held that it is not an abuse of discretion for an Appeals officer to reject collection alternatives and sustain the proposed collection action where the taxpayer has failed, after being given sufficient opportunities, to

**[\*11]** supply the SO with the required forms and supporting financial information. See Huntress v. Commissioner, T.C. Memo. 2009-161; Prater v. Commissioner, T.C. Memo. 2007-241; Roman v. Commissioner, T.C. Memo. 2004-20. We have likewise held that it is not an abuse of discretion for an Appeals officer to reject a collection alternative where the taxpayer is not in compliance with his ongoing tax obligations, as petitioner was not for his 2013 and 2014 tax years. See Hull v. Commissioner, T.C. Memo. 2015-86, 109 T.C.M. (CCH) 1438, 1441; IRM pt. 5.14.1.4.2 (18) (Sept. 19, 2014). We will accordingly grant summary judgment for respondent and affirm the proposed collection action as to all tax years. We note that petitioner is free to submit to the IRS at any time, for its consideration and possible acceptance, a request for an installment agreement supported by the necessary financial information.

To reflect the foregoing,

An appropriate order and decision will be entered.